UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


RONALD OWEN BILBREY, JR.,

    Petitioner,

v.                                      Case No. 5:10-cv-495-Oc-30TBS

WARDEN, FCC COLEMAN- LOW,

    Respondent.
_____/

**ORDER OF DISMISSAL**

    Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is now proceeding on an Amended Petition. (Doc. 5). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the Tampa Division of this Court.[1]

    Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was denied relief under 28 U.S.C. § 2255. Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears

---

[1] See United States v. Bilbrey, case no. 8:93-cr-305.

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (*citing* Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to Wofford. Though he has cited the Supreme Court's decision in

United States v. O'Brien, 130 S. Court. 2169 (2010),[2] he has not shown that decision applies retroactively. Petitioner has not cited, and the Court is not aware of, any authority recognizing the rule from O'Brien as retroactively applicable.

Accordingly, the Petition under 28 U.S.C. § 2241 (Doc. 5) is **DISMISSED**. The Clerk is directed to terminate any pending motions, and close the file.

**DONE and ORDERED in Tampa, Florida on August 1, 2011.**

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

c: Ronald Owen Billbrey, Jr.

---

[2] In O'Brien, the only statute at issue was 18 U.S.C. § 924(c), which relates to the criminal offense of using or carrying firearms during and in relation to a crime of violence or a drug trafficking crime. The Court held that the "machine gun provision" of that statute, which mandates a 30-year minimum sentence for the use of a machine gun in relation to the commission of the relevant crimes, constitutes an element of an offense, not a sentencing factor. O'Brien, 130 S. Ct. at 2180.

- 3 -